**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES W. LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 06 C 6639** |
| | ) | |
| v. | ) | **Magistrate Judge Morton Denlow** |
| | ) | |
| **MICHAEL ASTRUE, Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is now before the Court on the Plaintiff's motion for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). This case was remanded twice: first, on January 17, 2006, upon a joint motion for remand by both parties, and second, on October 11, 2007, by this Court following Plaintiff's motion for summary judgment. The principal issue presented is whether the Commissioner was substantially justified in his legal and factual positions. An oral argument was held on January 16, 2008. Because this Court finds the Commissioner's position was not substantially justified and because Plaintiff's application for attorney's fees is reasonable, the Court grants Plaintiff's motion in the amount of $14,828.77.

### I. BACKGROUND FACTS

On January 23, 2001, Plaintiff filed for Title XVI supplemental security income, claiming a disability onset date of December 31, 1990. R. 49. His claims were denied initially and upon reconsideration. R. 25, 31. Plaintiff requested a hearing by an Administrative Law

Judge ("ALJ"), and the ALJ issued an order denying disability benefits on July 22, 2002. R. 22, 35, 205-29. The Appeals Council denied Plaintiff's request for review on October 29, 2002. R. 10, 13.

Upon appeal to the district court, Plaintiff and Commissioner agreed to a joint motion for remand, granted by Magistrate Judge Sidney I. Schenkier on January 17, 2006. R. 244-45. The remand order required the ALJ to complete the following: (1) re-evaluate Plaintiff's peripheral neuropathy and bilateral carpal tunnel syndrome, both singularly and in combination with other impairments; (2) fully evaluate Plaintiff's obesity and its impact on Plaintiff's other impairments and his ability to work; (3) re-evaluate Plaintiff's credibility and residual functional capacity ("RFC"); and (4) obtain supplemental Vocational Expert testimony and give Plaintiff an opportunity to testify. R. 244. The Appeals Council remanded the case to the ALJ for proceedings consistent with Judge Schenkier's order. R. 288.

The ALJ held a second hearing on July 5, 2006. R. 384-419. He issued a partially favorable decision on September 25, 2006, awarding Plaintiff disability benefits from March 9, 2005. R. 242. Plaintiff sought judicial review for the unfavorable portion of the ALJ's decision.

This Court granted Plaintiff's motion for summary judgment on October 11, 2007. *Lewis v. Astrue*, 518 F. Supp. 2d 1031 (N.D. Ill. 2007). The Court then remanded the case in order for the ALJ to: (1) retain a medical expert and determine the onset date of Plaintiff's disability; (2) articulate his RFC determination; and (3) comply with the remand orders

previously issued by Judge Schenkier and the Appeals Council, consistent with this Court's opinion. *Lewis*, 518 F. Supp. 2d at 1045.

Following this Court's favorable opinion, Plaintiff submitted a motion for attorney fees on November 26, 2007, pursuant to the EAJA, 28 U.S.C. § 2412(d), in the amount of $13,540.95. Plaintiff subsequently amended this amount to $14,828.77 to reflect time spent briefing the EAJA request. The Commissioner has challenged Plaintiff's entitlement to fees and, alternatively, the reasonableness of the requested fees. Plaintiff has assigned his EAJA fees to counsel.

## II. STANDARD FOR FEE AWARD UNDER EAJA

The EAJA directs a court to award attorney fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the Government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A) & (B). The position of the United States includes both its position during litigation and its position during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D). The substantial justification standard requires the government to show its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark*, 200 F.3d 1076, 1080 (7th Cir. 2000). This Court is required to examine the Government's position in both the prelitigation and the litigation contexts. *Hallmark*, 200 F.3d at 1080. Any errors made by the ALJ constitute prelitigation

conduct, and the Commissioner will be held accountable. *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991).

The standard of substantially justified is satisfied if there is a genuine dispute or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). If "the agency had a rational ground for thinking it had a rational ground for its action," then its position was substantially justified. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). The Commissioner bears the ultimate burden of proving his position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

The Government's success on the merits is not necessarily determinative of the substantial justification issue. In *Pierce v. Underwood*, the Supreme Court observed: "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; and even more so a string of successes." 487 U.S. at 569. When considering the issue of EAJA fees, this Court must reexamine the factual and legal circumstances of the case from a different perspective than used at any other stage of the proceeding. *Hallmark*, 200 F.3d at 1080.

### III.  DISCUSSION

This Court first notes its disappointment that the parties could not resolve this matter sooner. It is rare to contest a fee petition, and even more rare in cases involving a second

4

remand. Commissioner's counsel asserts that her lack of settlement authority for the amount of fees requested prevented a negotiated resolution of this matter.

A. **The Commissioner Has Not Met its Burden of Proof That its Position Was Substantially Justified.**

The Commissioner's position was not substantially justified because the ALJ failed to follow the statutory requirements of SSR 83-20 or the remand orders from the district court and Appeals Council. Although the Commissioner argues that his position was substantially justified because he had a reasonable basis to defend the ALJ's decision, EAJA fees may be properly awarded if either the Commissioner's pre-litigation or litigation positions lack substantial justification. *Golembiewski*, 382 F.3d at 724. When the Commissioner learned the ALJ did not comply with the previous remand order, he could have voluntarily remanded the case, but instead proceeded to litigate.

Though the Commissioner argues the ALJ merely had "articulation problems" with the onset date and RFC, in fact, the ALJ simply did not follow the statutory requirements contained in SSR 83-20 for determining Plaintiff's disability onset date. *Lewis*, 518 F. Supp. 2d at 1040. The ALJ did not "mention, nor [did] he employ an analysis similar to that set forth in SSR 83-20." *Id.* In addition, this Court found the ALJ should have called upon a medical expert to assist him in determining Plaintiff's onset date. *Id.* at 1041. This Court also found the ALJ failed to adequately articulate his reasoning in determining Plaintiff's RFC, as required by SSR 96-8p. *Id.* at 1042.

When an ALJ fails to abide by the Regulations, his decision cannot have a reasonable basis in law for the theory propounded: in this case, the disability onset date. *See Crosby v. Halter*, 152 F. Supp. 2d 955, 961 (N.D. Ill. 2001) (finding where the ALJ's decision did not apply the correct legal standards or conform with existing principles, the Commissioner's position was not substantially justified). Specifically, a failure to follow SSR 83-20 is grounds for finding that the Government's position was not substantially justified. *Rice v. Apfel*, 16 F. Supp. 2d 971, 974 (N.D. Ill. 1998) (finding "the government's position was not substantially justified because. . .the ALJ failed to comply with the requirements of SSR 83-20," and citing additional cases awarding EAJA fees for failure to follow SSR 83-20).

Most importantly, the ALJ failed to follow Judge Schenkier's agreed remand order and the Appeals Council order requiring him to re-evaluate Plaintiff's peripheral neuropathy and bilateral carpal tunnel syndrome. *Lewis*, 518 F. Supp. 2d at 1044; R. 244, 289. This Court stated the ALJ merely repeated earlier findings, finding that "[n]owhere in his opinion does the ALJ seek to obtain additional evidence, or clarify the inconsistencies that partially led to the original remand order. The Court is no more or less informed. . .after the second administrative hearing." *Id.* at 1045; R. 234-42. Accordingly, the Court finds the Commissioner had no substantial justification for its position.

**B.**     **Plaintiff Is Entitled to $14,828.77 in Fees and Costs.**

Plaintiff requests $14,828.77 in attorney fees and costs. The Commissioner argues that if the court does award fees, the fees requested by Plaintiff's attorney are excessive and should be reduced. Plaintiff's fee request is based on 89.4 hours of work, 49.4 of which were

6

spent drafting and revising the initial merit brief and reply brief. The Commissioner argues this time spent briefing is unreasonable, but this Court disagrees.

The Court has reviewed Plaintiff's fee petitions, pleadings, and briefs, and finds that the time spent was reasonable, the hourly rate proper, and the work product professional. The time spent by counsel and the fees requested are commensurate with other EAJA fees approved in this circuit. *See e.g., Porter v. Barnhart*, 2006 WL 1722377 (N.D. Ill. 2006) (approving a fee award of $14,655.50 for 88.2 hours of attorney work); *Seamon v. Barnhart*, 2006 WL 517631 (W.D. Wis., 2006) (approving $12,191.52 fee in case involving one round of litigation). This case had greater complexity given its additional remand and multiple oral arguments, demanding greater attention and preparation from counsel. This Court, unlike some, requires oral argument, and therefore expects counsel to spend appropriate time preparing a high-quality argument. Moreover, Commissioner's counsel could produce no record of time spent pursuing this case to demonstrate that the time spent by Plaintiff's counsel was unreasonable.

The time spent by counsel in pursuing Plaintiff's fee application is also reasonable. Supplemental fees for the work performed in preparing EAJA briefs are appropriate. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990). Without the expertise of Plaintiff's counsel and the availability of the EAJA fees, Plaintiff would not have had the ability or financial resources to enter this courthouse and seek review of the ALJ's decision on two occasions.

## IV. CONCLUSION

The Commissioner has not met its burden of demonstrating substantial justification in pursuing this litigation. Plaintiff has met his burden of proving that the fee request is reasonable. **Thus, for the reasons set forth in this opinion, Plaintiff's application for fees and costs is granted. The Clerk of the Court is directed to enter a judgment in favor of Barry A. Schultz, as assignee of Plaintiff Charles W. Lewis, and against Defendant Michael Astrue, Commissioner of Social Security, in the amount of $14,828.77 for attorney's fees and court costs pursuant to the Equal Access to Justice Act.**

**SO ORDERED THIS 1st DAY OF FEBRUARY, 2008.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Barry A. Schultz
The Law Offices of Barry A. Schultz, P.C.
1609 Sherman Ave., Suite 205
Evanston, IL 60201

Counsel for Plaintiff

Samuel D. Brooks
Assistant United States Attorney
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604

Counsel for Commissioner

Catherine A. Seagle
Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region V
200 West Adams Street, 30th Floor
Chicago, Illinois 60606

Counsel for Commissioner